IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



WILLIAM T. ROBINSON,

    Plaintiff,

v.                                                      Civil Action No. **3:09CV250**

HILLARD RANDOLPH POWELL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, filed this action under 42 U.S.C. § 1983. The matter is before the Court for Plaintiff failure to comply with the Court's prior directions regarding submitting a new complaint.

### I. Procedural History

Plaintiff's original complaint sprawled over 150 pages, named 39 individuals and entities as defendants, and contained scores of claims in various stages of legal development. By Memorandum Opinion and Order entered on March 26, 2009, the Court found that Plaintiff's complaint did not comport with Federal Rules of Civil Procedure 18(a) and 20(a)(2) pertaining to the proper joinder of defendants and claims. *Robinson v. Johnson*, 3:07cv00449, 2009 WL 874530, at *2 (E.D. Va. Mar. 26, 2009). Therefore, the Court severed all of Plaintiff's claims except for his claims against the first named defendant, Gene Johnson. *Id.* The Court informed Plaintiff that his severed claims would proceed as separate actions and that he must file new complaints for his severed claims. The Court informed Plaintiff that, "[t]he new complaint(s) must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff also must state what civil rights he believes

each defendant violated and *explicitly state how said defendant's actions violated each constitutional right.*" *Id.* (emphasis added). The Court further warned Plaintiff that the failure to submit a new proper complaint for any defendant or any claim would result in the dismissal of that claim or defendant. Thereafter, Plaintiff submitted the present complaint (hereinafter "the new complaint") and the Court processed his request to proceed *in forma pauperis*.[1]

## II. Consequences of Plaintiff's failure to comply with the Court's directions and the appropriate Federal Rules of Civil Procedure

The new complaint names fourteen individuals and entities as defendants and contains two causes of action, each of which contains numerous partially developed claims for relief. "Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. 2008) (*quoting Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). Despite the Court's prior admonitions, the new complaint does not comport with the Federal Rules of Civil Procedure regarding joinder or the Court's prior directions to adequately specify how each particular defendant's actions allegedly violated his rights.

The First Cause of Action pertains to events in January of 2006 at the Brunswick Correctional Center ("BCC"). Plaintiff contends that he was set up by a number of other inmates to receive a false institutional charge for threatening another inmate. When Plaintiff revealed the

---

[1] Plaintiff also submitted two additional complaints for his severed claims, which are proceeding in separate actions.

plot to prison officials, the prison officials then decided to charge Plaintiff with the institutional offense of "[d]emanding or receiving anything of value under a threat of any kind including extortion." (Compl. 6.) Prison officials then convicted Plaintiff of that offense and *inter alia*, forfeited some of Plaintiff's good-time credits and transferred him to another institution. Plaintiff names the following individuals and entities with respect to the claim arising from these events: Hilliard Randolph Powell; Robert L. Early, Jr.; Roland Illiff; Kevin Sollami; William B. Robbins; James A. Pohlman; William D. Jarratt; Harry Shrader; the City of Emporia; and Brunswick County.

The Second Cause of Action pertains to events occurring at the Greensville Correctional Center ("GCC") in January of 2007. Plaintiff was fired from his prison job at GCC by Defendant Aubson. Plaintiff contends in conclusory fashion that he must have been fired because Defendant Ausbon had conspired with officials at BCC and was upset that Plaintiff continued to pursue legal actions against these individuals.[2] Plaintiff names the following individuals and entities with respect to his Second Cause of Action: Paul Dianis, John Ausbon, the City of Emporia, Greensville County, and Brunswick County.

Plaintiff generally has not complied with the Court's directive to provide a concise explanation for each claim, for each defendant, as to why Plaintiff believes that defendant violated his rights. Instead, for each of his causes of action, Plaintiff provides a narrative of

---

[2] The Court previously has informed Plaintiff such conclusory claims of a conspiracy are insufficient to provided an adequate basis for unrelated transactions and defendants. *Robinson*, 2009 WL 874350, at *1 n.2 (*citing Ruttenberg v. Jones*, 283 F. App'x 121, 131-32 (4th Cir. 2008) (No. 07-1037)); *see Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (citing cases for the proposition that a "[p]laintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy.")

3

events and then simply lists a series of statutes and constitutional provisions without providing a coherent statement as to why a particular defendant is liable for violating the referenced statute or amendment.

Furthermore, contrary to the Court's prior directions, Plaintiff did not limit his new complaint to a single defendant or to a group of defendants whose liability arises from the "same transaction, occurrence, or series of transactions or occurrences" and whose liability shares a common question of low or fact." Fed. R. Civ. P. 20(a)(2). Rather, the complaint attempts to join unrelated defendants and unrelated claims. Accordingly, the Court will DISMISS WITHOUT PREJUDICE all claims except for Plaintiff's claims against the defendants in the First Cause Action.[3] *See Jackson*, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (explaining that plaintiff's repeated failure to comply with the rules regarding joinder and stating his claims entitles the Court "to employ a wide range remedial action in order to conserve scarce judicial resources"). The present action will proceed only with respect to the First Cause of Action. Plaintiff, however, must submit an amended complaint for the First Cause of Action. The new complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff also must state what civil or statutory rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. In this regard, Plaintiff must provide a separate paragraph for each defendant and for each claim, that explains his theory as to why that individual defendant is liable for the statute and constitutional provisions he has cited. It is not

---

[3] Contrary to the view expressed in the Court's prior opinion, dismissal without prejudice, rather than severance appears to be the appropriate remedy. *See Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *8 n.7 (E.D. Va. Mar. 1, 2010).

sufficient for Plaintiff merely to cite the Equal Protection Clause and then leave the Court and defendants to guess as to how a particular defendant allegedly violated Plaintiff's rights conferred by that clause. The new complaint must stand or fall of its own accord. Additionally, any amended complaint must be limited to the events set forth in the First Cause of Action. The new complaint must be submitted within twenty (20) days of the date of entry hereof. Failure to comply with the above instructions will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order shall issue.

Date: JUL 2 3 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge